Curia, per

O’Neall, J.
The case of Stoney vs. Beaubein, decided Febr uary Term, 1842, does not touch this case. There, the suit was on a note made by Zealy to Stoney, or order, payable nearly five months after date, and on the back of it, to enable the maker to pass the note to the *241 plaintiff, and to get the money, Beaubein wrote his name. He was held to be a maker; for otherwise no effect could have been given to his name as a party to the contract. But if he had been the payee of the note, then he would have been clearly the endorser, and must have been proceeded against as such. So, where a note is payable to A, or bearer, and he writes his name on the back of it, he does not become liable as endorser ; for the note is not payable to order, but to bearer, and the legal interest passes by delivery. So, too, he cannot be treated as maker, for he is already a party, the payee, and to treat him as maker, would make him promise to pay himself, which is too absurd to be talked about. But he is entitled to direct the maker to pay the money to the holder, and if he chooses to do this by writing his name on the back of the note, a bill directing the maker to pay the contents of the note to B, the holder, may be written above his name, and he then will be liable, as the drawer of a bill of exchange.
In this case, Patrick Ryan, of the firm of Ryan & Speaks, wrote his name on the back of the note payable to Ryan & Speaks, or bearer. There is no doubt, according to the principles laid down, he cannot, as one of the payees, be treated as maker. He may be charged as drawer of a bill of exchange, for, as one of the firm, he might negotiaate the note. The motion'is dismissed.
Richardson, Evans, Butler, and Wardlaw, JJ., concurred.